[No. 7-39887-1.  Division One.  November 3, 1969.]

Panel 1

JOHN N. JACOBSEN, *Respondent,* v. DONALD W. ARNTZEN *et al., Appellants.*

*Ferguson & Burdell, Donald McL. Davidson,* and *G. E. Craig Doupe,* for appellants.

*Casey & Pruzan, Jerome Shulkin,* and *Theodore S. Bloom,* for respondent.

FARRIS, J.—In 1962, the plaintiff-respondent, John N. Jacobsen, sole record shareholder of Northern Contracting Corporation and the defendant-appellant, Donald W. Arntzen, principal shareholder in Imperial Construction, Inc., agreed to form a joint venture to construct a bridge in Moyie Springs, Idaho, referred to as the Kootna River Bridge. The joint venture, denominated Northern Imperial Constructors, hired Jack Sowles as project manager and Howard Watts as office manager. Sowles was Jacobsen's associate in Northern, and Watts was Jacobsen's son-in-law. The joint venture agreement was written by Arntzen.

On June 8, 1963, Mr. Sowles wrote the defendant, summarizing the progress on the job, the work remaining and the receipts therefor. The letter included a list of accounts payable as of June 1, 1963, which had been prepared by Mr. Watts.

Subsequent to the letter of June 8, 1963, and without knowledge of its contents, plaintiff discussed with defendant the possible sale to defendant of plaintiff's interest in the joint venture. Plaintiff offered to sell his interest for $60,000. Defendant refused, but counter offered to buy for $50,000. The counter offer was accepted. The sale was consummated on August 1, 1963. Payment was made by a promissory note of $40,000 and cash of $10,000. (The note was later modified to $32,816 with $7,184 in cash being paid to Jack Sowles, who claimed an interest in the venture.) The letter of June 8th, was not discussed between the parties at that time or at any time. The plaintiff did not know that it had been written nor did he know of its contents. The defendant had not formed the intention of buying plaintiff's interest in the venture at the time he received the letter.

On May 12, 1964, defendant made payment of $12,000 on the promissory note to plaintiff. On August 20, 1964, defendant made a payment of $5,000 on the note. Defendant delivered a check to plaintiff, dated September 30th, for $5,000, marked payment in full. This check was returned to defendant by the plaintiff and another check for $5,000 was

drawn by the defendant dated October 5, 1964, but not delivered. No further payments were made by the defendant.

On or around July 16, 1965, plaintiff initiated action upon the promissory note for the recovery of $15,816 together with interest at the rate of 7 per cent and attorney's fee in the sum of $1,500. Defendant cross complained for rescission. The trial court entered judgment for the plaintiff for the balance due on the note plus interest at 7 per cent from the date of default plus $1,500 attorney's fee for a total of $21,759.45. From this judgment, defendant appeals.

The defendant's assignments of error raise three issues:

1. Did the plaintiff violate a fiduciary duty to the defendant?

2. Was the agreement to purchase the plaintiff's interest in the joint venture entered into under a mutual mistake of fact?

3. Did the defendant waive his right to rescind or is he estopped from rescinding?

■ The fiduciary relationship that exists between joint venturers is the same as between ordinary partners. *Meinhard v. Salmon,* 249 N.Y. 458, 164 N.E. 545, 62 A.L.R. 1 (1928). As fiduciaries, the joint venturers have a duty to disclose known material facts when dealing with one another. *Finn v. Young,* 46 Wash. 74, 89 P. 400 (1907); *Karle v. Seder,* 35 Wn.2d 542, 214 P.2d 684 (1950).

There is no evidence that plaintiff failed to disclose material facts and the defendant does not contend that there is. Instead, he contends that the plaintiff was "managing partner" and thereby had a duty to make a full and accurate report of the state of the business. This duty was breached, he claims, by the incomplete and inaccurate letter of June 8, 1963, sent to him by Sowles.

The record does not support the assertion that the plaintiff was a "managing partner." Both parties were on the scene of the project from time to time. They both participated in the decisions necessary to get the project under-

way. They both had equal access to the books and records of the venture. Sowles and Watts, employees of the joint venture, managed the project.

■ To support his theory of mutual mistake, the defendant must show that the parties entered into the transaction under a mistake regarding a fact assumed by them as a basis on which they entered into the transaction. There was no specific fact upon which they relied in entering into the contract to buy and sell. We will not torture the facts to conclude, as defendant urges, that the letter from Sowles was in fact a letter from Jacobsen. The record supports the trial court's conclusion that Sowles was the agent of both joint venturers.

The letter of June 8th failed to accurately reflect the financial status of the venture but the defendant concedes that there was no fraud. The parties had each invested $80,000 into the venture. The defendant had superior experience. Both knew that the venture was losing money. The books and records reflecting the status of accounts were available for their inspection and review. Each knew of a possible lawsuit against the high-line subcontractor which, if pursued, might enable them to recoup some of their losses. It was against this background that the parties entered into the contract of sale.

We agree with the trial court's conclusion that there is no evidence to support an allegation of mutual mistake or breach of fiduciary duty. A mistake, to justify rescission, must be one of fact, it must be material, mutual, and it cannot be precipitated by negligence. See *Elmore v. McConaghy*, 92 Wash. 263, 159 P. 108 (1916), and *Morris v. Hillman Inv. Co.*, 99 Wash. 276, 169 P. 837 (1918). See also Restatement, Contracts, § 501 (1932).

The promissory note was signed and delivered in exchange for the plaintiff's stock in the joint venture. It was valid on its face, given for consideration, in the absence of fraud, misrepresentation or mutual mistake. We find no defense to its enforcement.

Since the defendant never had a right to rescind the

agreement of sale, we need not consider whether he waived that right or is estopped from pursuing it. We find no error in the record. The judgment of the trial court is affirmed.

JAMES, C. J., and SWANSON, J., concur.

Petition for rehearing denied December 11, 1969.